-15-

# EXHIBIT A
# ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

LEGAL27373295.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
In re:                                              :
                                                    :
SYNCAPSE CORP.,                                     :   Chapter  15
                                                    :
              Debtor in a Foreign                   :   Case No.: 13-12410 (SMB)
              Proceeding,                           :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

**ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD
NOT BE GRANTED PENDING RECOGNITION OF A FOREIGN
MAIN PROCEEDING WITH TEMPORARY RESTRAINING ORDER**

Upon the application (the "Application") of MNP LTD., as the court appointed receiver (the "Petitioner") of SYNCAPSE CORP. (the "Company"), the foreign representative in the proceedings under section 243(1) of the Canadian *Bankruptcy and Insolvency Act*, R.S.C. 1985,c. B-3, as amended (the "BIA") and section 101 of the Courts of Justice Act, R.S.O. 1990, c. C.43, as amended (the "CJA") (the "Canadian Proceeding"), by its counsel, Perkins Coie LLP, pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), for *ex parte* and provisional relief, and scheduling a hearing (the "Hearing"), the Declaration of Alan Shiner in support dated July 25, 2013, together with exhibits, and based on the foregoing, the Court finds and concludes that a showing has been made as follows:

a) The Petitioner has demonstrated a likelihood of success that Petitioner will be able to demonstrate that the Canadian Proceeding is a foreign main proceeding pursuant to section 1517 of chapter 15 of title 11 of the Bankruptcy Code, that Petitioner is the duly appointed foreign representative of the Company pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that the Company and Petitioner, in its capacity as foreign

-16-

representative of the Company, is entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code, and that;

b) The commencement or continuation of any action or proceeding in the United States against the Company or any of its Assets or proceeds thereof (as defined in Petitioner's Application for Provisional Relief) within the territorial jurisdiction of the United States should be temporarily and provisionally, to the extent provided herein, enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b) to permit the expeditious and economical administration of the Company's foreign estate in the Canadian Proceeding, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest that is not outweighed by the benefits;

c) Petitioner has established that unless a restraining order is issued, there is a material risk that the Company will suffer further cognizable injury as its Assets could be subject to attack by creditors in the U.S., in particular by third party service and hosting providers terminating their contracts with the Company and denying access to valuable information to the Receiver and the customers of the Company, thereby potentially interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing harm to the Petitioner's efforts to administer the Company's estate pursuant to the Canadian Proceeding, and undermining the Petitioner's efforts to achieve an equitable result for the benefit of all of the Company's creditors, and, as a result, the Company will suffer immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel;

-17-

d) The interest of the public will be served by this Court's granting of the relief requested by the Petitioner;

e) Petitioner, as foreign representative of the Company, is provisionally entitled to the protections and rights afforded pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, to the extent provided herein; and

f) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW THEREFORE, IT IS HEREBY ORDERED**, that:

1. All parties in interest come before the Honorable _____, United States Bankruptcy Judge for the Southern District of New York, for a hearing ("Hearing") at _:00 _.m. on _____, 2013, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room ___, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted:

   a) Provisionally staying any United States action against the Company or its Assets;

   b) Provisionally enjoining all persons and entities from (i) executing against the Company or any Asset, (ii) continuing any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions") against the Petitioner (as foreign representative), the Company or its Assets not identified here and provisionally enjoining any new Actions against the Company or its Assets;

   c) Provisionally enjoining all persons and entities from commencing any Actions against the Company or against its Assets;

-18-

d) Provisionally enjoining the commencement or continuation of any Action to create, perfect or enforce any lien, setoff, attachment or other claim against the Company or against any of its Assets provided, however, that no action described in sections 555, 556, 557, 559, 560, 561, 562 and 11 U.S.C. §§ 1519 (d) and (f) of the Bankruptcy Code (the "Excepted Actions") shall be enjoined by such provisional relief, or as otherwise expressly permitted in the Receivership Order in the Canadian Proceeding;

e) Ordering that Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may, in accordance with their obligations to the Company or under the Canadian Proceeding, transfer funds or property belonging to the Company into or out of the United States;

f) Ordering that, pending the hearing to consider the request for recognition and other related relief requested in the Petition (the "Recognition Hearing"), Petitioner is authorized to operate the business of the Company in the territorial jurisdiction of the United States;

g) requiring that when informed of these proceedings every person and entity that is a plaintiff in any action in the United States in which the Company and/or its Assets is or was named as a party, or as a result of which liability against the Company and/or its Assets may be established, place the Petitioner's United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the

-19-

court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list; and it is further

2. Pending the Hearing, all persons and entities are hereby temporarily enjoined from

    a) executing against or further attaching or arresting any Assets;

    b) commencing or continuing any litigation or any Action, including, without limitation, the U.S. Actions, or taking any other Actions against or involving Petitioner (in its capacity as foreign representative of the Company), any Assets or any rights, obligations or liabilities of the Company;

    c) Securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Company or Petitioner (with respect to the Company), or any Assets;

    d) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Company, Petitioner (with respect to the Company), any of the Assets, provided, however, that none of the Expected Actions will be enjoined by such provisional relief, and unless expressly permitted by the Receivership Order in the Canadian Proceeding;

    e) continuing any Action or commencing any additional Action, including discovery, involving the Company, or its Assets; or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its Assets; and it is further

-20-

3.Pursuant to Rule 7065(b) of the Federal Rules of Bankruptcy Procedure, no notice to any person is required prior to entry and issuance of this Order; and it is further;

4.Any party in interest may make a motion seeking relief from or modification of this Order by filing a motion, on not less than two (2) business days written notice to United States counsel for the Petitioner, seeking an order of this Court vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Petitioner in this proceeding; and it is further

5.Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

6.Copies of the supporting papers (with all exhibits thereto) shall be served upon (a) any known party in interest within the United States; and (b) any other interested party within the United States that becomes known to the Petitioner at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioner; and it is further

7.Service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

8.The supporting papers also shall be made available by the Petitioner upon request at the offices of its United States counsel, Perkins Coie, LLP, 30 Rockefeller Plaza, New York, New York 10112 (Attention: Schuyler G. Carroll, Esq.), and it is further

LEGAL27373295.2

9. Objections, if any, submitted for the purpose of opposing the Petitioner's request for a preliminary injunction on the terms described above must be made in writing describing the basis therefore and shall be filed with the Court electronically in accordance with General Order M-242 by registered users of the Court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable _____, and served upon Perkins Coie, LLP 30 Rockefeller Plaza, New York, New York 10112 (Attention: Schuyler G. Carroll, Esq.), United States counsel for the Petitioner, so as to be received on or before _____ \_\_, 2013 at 11:00 a.m. (New York time); with any reply to be served no later than _____, 2013 at noon, except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order.

Dated: New York, New York  _____
      July _____, 2013  UNITED STATES BANKRUPTCY JUDGE

Issued at \_\_\_ a.m./p.m.

LEGAL27373295.2